**THOMAS MORE HOLLAND**                                          **COUNSEL FOR PLAINTIFF**
**IDENTIFICATION NO. 43517**
**GRACE HALL - 1522 Locust St.**
**Philadelphia, PA 19102**
**(215) 592-8080**

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Ashley McClain** § | |
| **3306 Ashfield Lane** § | |
| **Philadelphia, PA 19114** § | |
| **Plaintiff** § | |
| § | **CIVIL ACTION** |
| **v.** § | **NO.** |
| **McDonalds Corporation** § | |
| **c/o Prentice Hall Corporation System Inc;** § | |
| **2704 Commerce Drive** § | |
| **Harrisburg, PA 17110** § | |
| **Douglas Tasker** § | |
| **c/o McDonalds Corporation** § | |
| **c/o Prentice Hall Corporation System Inc;** § | |
| **2704 Commerce Drive** § | |
| **Harrisburg, PA 17110** § | |
| **Lisa Labyack** § | |
| **c/o McDonalds Corporation** § | |
| **c/o Prentice Hall Corporation System Inc;** § | |
| **2704 Commerce Drive** § | |
| **Harrisburg, PA 17110** § | |
| **Brian Turner** § | |
| **c/o McDonalds Corporation** § | |
| **c/o Prentice Hall Corporation System Inc;** § | |
| **2704 Commerce Drive** § | |
| **Harrisburg, PA 17110** § | |
| **Pamela Weaver** § | |
| **c/o McDonalds Corporation** § | |
| **c/o Prentice Hall Corporation System Inc;** § | |
| **2704 Commerce Drive** § | |
| **Harrisburg, PA 17110** § | |
| **and** § | |
| **Mark Marino** § | |
| **c/o McDonalds Corporation** § | |
| **c/o Prentice Hall Corporation System Inc;** § | |
| **2704 Commerce Drive** § | |
| **Harrisburg, PA 17110** § | |

## NOTICE TO PLEAD

You have been sued in court. If you wish to defend against the claims set forth In the following pages. **you must take action within twenty (20) days** after this complaint and notice are served, by entering a written appearance **personally or by attorney** and filing in writing with the court your defenses or objections to the claims set forth against you. **You are warned** that if you fail to do so the case may proceed without you and a **judgment may be entered against you** by the court **without further notice** for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

PHILADELPHIA BAR ASSOCIATION
**LAWYER REFERRAL AND INFORMATION SERVICE**
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA, 19107
**TELEPHONE: (215) 238-1701**

**THOMAS MORE HOLLAND**　　　　　　　　　　　　　　**COUNSEL FOR PLAINTIFF**
**IDENTIFICATION NO. 43517**
**GRACE HALL - 1522 Locust St.**
**Philadelphia, PA 19102**
**(215) 592-8080**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Ashley McClain** | § | |
| **3306 Ashfield Lane** | § | |
| **Philadelphia, PA 19114** | § | |
| 　　　　**Plaintiff** | § | |
| | § | **CIVIL ACTION** |
| 　**v.** | § | **NO.** |
| **McDonalds Corporation** | § | |
| **c/o Prentice Hall Corporation System Inc;** | § | |
| **2704 Commerce Drive** | § | |
| **Harrisburg, PA 17110** | § | |
| **Douglas Tasker** | § | |
| **c/o McDonalds Corporation** | § | |
| **c/o Prentice Hall Corporation System Inc;** | § | |
| **2704 Commerce Drive** | § | |
| **Harrisburg, PA 17110** | § | |
| **Lisa Labyack** | § | |
| **c/o McDonalds Corporation** | § | |
| **c/o Prentice Hall Corporation System Inc;** | § | |
| **2704 Commerce Drive** | § | |
| **Harrisburg, PA 17110** | § | |
| **Brian Turner** | § | |
| **c/o McDonalds Corporation** | § | |
| **c/o Prentice Hall Corporation System Inc;** | § | |
| **2704 Commerce Drive** | § | |
| **Harrisburg, PA 17110** | § | |
| **Pamela Weaver** | § | |
| **c/o McDonalds Corporation** | § | |
| **c/o Prentice Hall Corporation System Inc;** | § | |
| **2704 Commerce Drive** | § | |
| **Harrisburg, PA 17110** | § | |
| **and** | § | |
| **Mark Marino** | § | |
| **c/o McDonalds Corporation** | § | |
| **c/o Prentice Hall Corporation System Inc;** | § | |
| **2704 Commerce Drive** | § | |
| **Harrisburg, PA 17110** | § | |

# COMPLAINT

**PARTIES**

1. Plaintiff, Ashley McClain, is an adult individual who resides at 3306 Ashfield Lane, Philadelphia, PA, County of Philadelphia and Commonwealth of Pennsylvania. Plaintiff was an employee of the Defendant and served Defendant at its place of business located at 1240 Bristol Pike, Bensalem, Pennsylvania, in the capacity of a First Assistant Store Manager and brings this action to recover damages and equitable relief under §107(a)(2) of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et. seq., hereinafter referred to as the "FMLA".

2. Defendant, McDonalds Corporation, is a corporation maintaining an office and conducting business in the Commonwealth of Pennsylvania and did business at 1240 Bristol Pike, Bensalem, Pennsylvania.

3. Defendant Douglas Tasker, was at all times material hereto an agent, servant and employee of Defendant, McDonalds, and was at all times the store manager at the location where Plaintiff worked in Bensalem, PA.

4. Defendant Lisa Labyack, was at all times material hereto an agent, servant and employee of Defendant, McDonalds Corporation, and was at all times Plaintiff's Supervisor.

5. Defendant Brian Turner was at all times material hereto an agent, servant and employee of Defendant McDonalds Corporation, and was at all times a shift manager.

6. Defendant Pamela Weaver was at all times material hereto an agent, servant and employee of Defendant McDonalds Corporation, and was at all times a Plaintiff's Supervisor's Supervisor.

7. Defendant Mark Marino was at all times hereto an agent, servant and employee of

Defendant McDonalds Corporation and was at all times Director of Human Resources.

8. Defendant McDonalds Corporation is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees at its office.

**JURISDICTION AND VENUE**

9. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. §1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce", and under §107(a)(2) of the FMLA.

10. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania inasmuch as both parties regularly conduct business within the District and the acts complained of by Plaintiff arose herein.

**COUNT I
FAMILY AND MEDICAL LEAVE ACT
29 U.S.C. §2601 et. seq.**

11. Plaintiff incorporates by reference each allegation contained within the preceding paragraphs as though set forth more fully at length herein.

12. Beginning in or around May 1999, Plaintiff commenced employment with a franchise of McDonalds. In April 2002, Defendant, McDonalds Corporation took over the McDonalds where Plaintiff was working. Most recently, Plaintiff was employed as First Assistant Store Manager.

13. It is believed and averred that twelve months prior to November 15, 2004, Plaintiff had been employed for at least 1,250 hours with Defendant Corporation.

14. Prior to the need arising to take leave to care for her father as a result of his serious medical condition, Plaintiff worked approximately 50 hours per week.

15. In or about July 2004, Plaintiff's father was diagnosed with terminal lung cancer.

16. Plaintiff promptly notified her supervisor, Defendant Lisa Labyack that her father had been diagnosed with terminal lung cancer and requested time off.

17. Plaintiff was out for thirteen days returning to work on or about July 28, 2004.

18. Plaintiff informed the store manager on October 18, 2004, that she would need to take a further leave of absence to care for her father.

19. On or about October 29, 2004, Plaintiff informed Defendant Douglas Tasker that her father was very sick as a result of the lung cancer, and that she needed to take a leave of absence because her father was going into the hospital.

20. On or about November 9, 2004, Plaintiff was put on administrative leave without pay for taking leave to care for Plaintiff's ailing father.

21. On or about November 15, 2004, Plaintiff was terminated by Defendants Douglas Tasker and Lisa Labyack

22. Defendants have acted in bad faith by terminating Plaintiff in violation of the FMLA. Defendants knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty owed to Plaintiff under the FMLA despite being aware of Plaintiff's need for qualified FMLA leave to take care of her father as a result of his serious medical condition.

23. Plaintiff's termination violates 29 C.F.R. §825.220(a)(1) et. seq. of the Family and Medical Leave Act in that the employer cannot terminate an employee for exercising her rights under the FMLA.

24. At all times material hereto, Defendants Douglas Tasker, Lisa Labyack, Brian Turner, Pamela Weaver, and Mark Marino were acting individually and on behalf of Defendant employer, McDonalds Corporation, in their managerial capacity.

25. As a direct and proximate result of Defendants' wrongful termination, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among her friends and workers, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

26. Plaintiff demands judgment in her favor against Defendants for all available equitable relief including, but not limited to: reinstatement to her position, full restoration of all leave benefits, to which she was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA and all wages, salary, employment benefits or other compensation denied or lost.

27. Plaintiff further demands judgment in her favor against Defendants for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendants and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

WHEREFORE, Plaintiff demands reinstatement of her employment, compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT II
## FAIR LABOR STANDARDS ACT and
## MINIMUM WAGE ACT of 1968
## PLAINTIFF v. MCDONALDS CORPORATION

28. Plaintiff incorporates the preceding paragraphs as though set forth more fully at length herein.

29. Plaintiff commenced employment with the McDonalds Corporation in or about

November 1998.

30. Plaintiff was transferred to the Bensalem, Pennsylvania McDonalds in or around May 2003, and had worked at the Bensalem store for approximately 16 months prior to her termination on November 15, 2004.

31. Plaintiff held the position of First Assistant Store Manager.

32. As First Assistant Store Manager, Plaintiff worked in excess of 50 hours per week.

33. Plaintiff spent more than 40% of her time engaged in non-executive administrative activities.

34. Plaintiff was paid at her regular rate for all of the hours she worked.

35. Defendant McDonalds corporation has unlawfully violated the Fair Labor Standards Act.

36. Under the FLSA, Plaintiff is entitled to time and a half for each hour she works over 40 in a given week.

37. Defendant violated the FLSA by failing to compensate Plaintiff time and a half for each hour over 40 she worked in a week.

38. As a direct and proximate result of Defendant's unlawful employment practices and disregard for Plaintiff's rights, Plaintiff has suffered financial losses.

39. At all times material hereto, Defendant knowingly violated the applicable law and Plaintiff's rights.

**WHEREFORE**, Plaintiff Ashley McClain respectfully requests that this Court:

    a. Award Plaintiff costs of litigation, including reasonable attorney fees and expert witness fees;

  b. Grant judgment against Defendant and award Plaintiff the compensatory damages to which Plaintiff is found to be entitled plus interest;

  c. Grant judgment against Defendant in whatever amount above together with punitive damages to which Plaintiff is found to be entitled; and

  d. Grant any other additional relief that is appropriate and just.

**COUNT III**
**FALSE IMPRISONMENT**
**PLAINTIFF v. DEFENDANTS LISA LABYACK, DOUGLAS TASKER, and MCDONALDS CORPORATION**

  40. Plaintiff incorporates each of the allegations of the preceding paragraphs as though set forth more fully at length herein.

  41. On November 15, 2004, as requested by Defendants, Plaintiff met with Douglas Tasker and Lisa Labyack at a sister store to the store where Plaintiff worked.

  42. During the meeting, Defendants Labyack and Tasker attempted to coerce Plaintiff into voluntarily resigning for taking a leave of absence.

  43. Plaintiff attempted to leave the office in order to show her father the paperwork, but Defendants blocked the door and would not let Plaintiff out of the office.  Plaintiff believes and avers there was no other reasonable means of escape from the office.

  44. Defendants blocked the door with the intention of disallowing Plaintiff from leaving the office.

  45. Defendants Tasker and Labyack acted individually as well as within their capacity as employees, servants, or agents of McDonalds in prohibiting Plaintiff from leaving the office.

  46. Defendants acted with malice in blocking the door to the office and preventing

Plaintiff from leaving and in doing so deprived Plaintiff of her freedom to leave the room. Defendants actions were not privileged.

47. As a direct and proximate cause of the actions of Defendants, Plaintiff suffered mental anguish, humiliation, and embarrassment among her friends and co-workers.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants and respectfully requests that this court impose compensatory and punitive damages, in addition to any relief this Court deems appropriate.

## COUNT IV
## ASSAULT
### PLAINTIFF v. LISA LABYACK and DOUGLAS TASKER and MCDONALDS CORPORATION

48. Plaintiff incorporates each of the allegations of the preceding paragraphs as though set forth more fully at length herein.

49. On November 15, 2004, Plaintiff attended a meeting held by Defendants Douglas Tasker and Lisa Labyack.

50. During the course of the meeting, Defendants attempted to get Plaintiff to voluntarily resign and threatened that if she did not, she would be fired.

51. When Plaintiff attempted to leave, Defendants blocked the doorway trapping Plaintiff in the office.

52. Plaintiff had a reasonable apprehension of immediate harm due the threatening and offensive conduct on the part of Defendants Douglas Tasker and/or Lisa Labyack.

53. Defendants acted maliciously with the intention of creating apprehension in Plaintiff of immediate harm or offensive contact. Defendants' conduct was not privileged.

54. Plaintiff's apprehension was caused by Defendants' threats and the blocking of her means for leaving the office.

55. Defendants Douglas Tasker and Lisa Labyack acted individually as well as within their capacity as employees, servants, or agents of McDonalds as well as Plaintiff's supervisors in causing Plaintiff's apprehension by threatening Plaintiff and blocking her means of escape from the room.

56. As a direct and proximate cause of the actions of Defendants, Plaintiff suffered mental anguish, humiliation, and embarrassment among her friends and co-workers.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants and respectfully requests that this court impose compensatory and punitive damages, in addition to any relief this Court deems appropriate.

## COUNT V
## BATTERY
## PLAINTIFF v. DOUGLAS TASKER AND LISA LABYACK

57. Plaintiff incorporates the allegations of each of the preceding paragraphs as though set forth more fully at length herein.

58. On November 15, 2004, Plaintiff attended a meeting held by Douglas Tasker and Lisa Labyack.

59. At this meeting, Defendants attempted to get Plaintiff to voluntarily resign from her position at McDonalds and threatened her with termination if she did not voluntarily resign.

60. Defendants began screaming at Plaintiff, blocked the door, and snatched the paperwork they had given her out of her hand.  The conduct of Defendants was not privileged.

61. Defendants acted maliciously and with the intention of bringing about harmful or offensive contact to the Plaintiff's person.

62.     As a direct and proximate cause of the actions of Defendants, Plaintiff suffered mental anguish, humiliation, and embarrassment among her friends and co-workers.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants and respectfully requests that this court impose compensatory and punitive damages, in addition to any relief this Court deems appropriate.

_____      _____
Date                                                                             Thomas More Holland
                                                                                         Counsel for Plaintiff
                                                                                         Identification #43517
                                                                                         Grace Hall - 1522 Locust St.
                                                                                         Philadelphia, PA 19102